IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ATIASHA WILLIAMS,   Plaintiff | ) )  ) | C.A. No. 15-46 Erie |
| v. | ) ) ) | |
| ERIE COUNTY PRISON, et al.,   Defendants. | ) ) | Magistrate Judge Baxter |

# OPINION AND ORDER[1]

United States Magistrate Judge Susan Paradise Baxter

## I.  INTRODUCTION

### A.  Relevant Procedural and Factual History

Plaintiff Atiasha Williams, an individual formerly incarcerated at the Erie County Prison in Erie, Pennsylvania, instituted this *pro se* civil rights action on February 2, 2015, pursuant to 42 U.S.C. § 1983, against Defendants Erie County Prison ("ECP") and ECP Prison guard Lt. Jason Stevens ("Stevens").

In her complaint, Plaintiff claims that Defendants violated her rights under the Eighth Amendment to the United States Constitution. In particular, Plaintiff alleges that, on November 25, 2014, Defendant Stevens violently choked her when she was in handcuffs, while other officers failed to intervene. As a result of this incident, Plaintiff claims that she was unable to eat for several days and was denied a soft diet tray. Plaintiff also claims that she was denied medical

---

[1] The parties have consented to having a United States Magistrate Judge exercise jurisdiction over this matter. [ECF

1

treatment. As relief for her claims, Plaintiff seeks monetary damages.

Defendants have filed a motion to dismiss Plaintiff's complaint arguing, *inter alia*, that Plaintiff has failed to exhaust his administrative remedies in accordance with the Prison Litigation Reform Act. [ECF No. 17]. Plaintiff has since filed a response to Defendants' motion. This matter is now ripe for consideration.

### B. Standards of Review

#### 1. Motion to Dismiss

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). A complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). See also Ashcroft v. Iqbal, 556 U.S. 662, 678 (May 18, 2009) (specifically applying Twombly analysis beyond the context of the Sherman Act).

The Court need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 555, citing Papasan v. Allain, 478 U.S. 265, 286 (1986). See also McTernan v. City of York, Pennsylvania, 577 F.3d 521, 531 (3d Cir. 2009) ("The tenet that a

---

Nos. 7, 27).

court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). A Plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 556, citing 5 C.Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004). Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at 570.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." Smith v. Sullivan, 2008 WL 482469, at *1 (D.Del. February 19, 2008) quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Phillips, 515 F.3d at 234, quoting Twombly, 550 U.S. at 556.

The Third Circuit subsequently expounded on the Twombly/Iqbal line of cases:

> To determine the sufficiency of a complaint under Twombly and Iqbal, we must take the following three steps:
>
> First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'

Burtch v. Milberg Factors, Inc., 662 F.3d 212, 221 (3d Cir. 2011) quoting Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010).

### 2. *Pro Se* Pleadings

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" Haines v. Kerner, 404 U.S. 519, 520 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969) (Apetition prepared by a prisoner... may be inartfully drawn and should be read "with a measure of tolerance"); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir.1997) (overruled on other grounds). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996) (discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990) (same). Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

### C. Exhaustion

#### 1. The Exhaustion Requirement

Defendants argue that Plaintiff's claims should be dismissed for failure to comply with the exhaustion requirements of the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) ("PLRA"), which provides:

> no action shall be brought with respect to prison conditions under section

> 1983 of this title ... by a prisoner confined in any jail, prisons, or other correctional facility until *such administrative remedies as are available* are exhausted.

Id[2] (emphasis added).

The requirement that an inmate exhaust administrative remedies applies to all inmate suits regarding prison life, including those that involve general circumstances as well as particular episodes. Porter v. Nussle, 534 U.S. 516 (2002); Concepcion v. Morton, 306 F.3d 1347 (3d Cir. 2002) (for history of exhaustion requirement). Administrative exhaustion must be completed prior to the filing of an action. McCarthy v. Madigan, 503 U.S. 140, 144 (1992). Federal courts are barred from hearing a claim if a plaintiff has failed to exhaust all the available remedies. Grimsley v. Rodriquez, 113 F.3d 1246 (Table), 1997 WL 2356136 (Unpublished Opinion) (10th Cir. May 8, 1997).[3] The exhaustion requirement is not a technicality, rather it is federal law which federal district courts are required to follow. Nyhuis v. Reno, 204 F.3d 65, 73 (3d Cir. 2000) (by using language "no action shall be brought," Congress has "clearly required exhaustion").[4]

---

[2] It is not a plaintiff's burden to affirmatively plead exhaustion. Jones v. Bock, 549 U.S. 199, 216 (2007) ("...failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints."). Instead, the failure to exhaust must be asserted and proven by the defendants. Ray v. Kertes, 285 F.3d 287, 295 (3d Cir. 2002).

[3] Importantly, a plaintiff's failure to exhaust his administrative remedies does not deprive the district court of subject matter jurisdiction. Nyhuis v. Reno, 204 F.3d 65, 69 n.4 (3d Cir. 2000) ("...[W]e agree with the clear majority of courts that §1997e(a) is *not* a jurisdictional requirement, such that failure to comply with the section would deprive federal courts of subject matter jurisdiction.").

[4] There is no "futility" exception to the administrative exhaustion requirement. Banks v. Roberts, 2007 WL 3096585, at * 1 (3d Cir.) citing Nyhuis, 204 F.3d at 71 ("[Plaintiff's] argument fails under this Court's bright line rule that

The PLRA also requires "proper exhaustion," meaning that a prisoner must complete the administrative review process in accordance with the applicable procedural rules of that grievance system. Woodford v. Ngo, 548 U.S. 81, 87-91 (2006) ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules ..."). Importantly, the exhaustion requirement may not be satisfied "by filing an untimely or otherwise procedurally defective ... appeal." Id. at 83; see also Spruill v. Gillis, 372 F.3d 218, 228-29 (3d Cir. 2004) (utilizing a procedural default analysis to reach the same conclusion) ("Based on our earlier discussion of the PLRA's legislative history, [...] Congress seems to have had three interrelated objectives relevant to our inquiry here: (1) to return control of the inmate grievance process to prison administrators; (2) to encourage development of an administrative record, and perhaps settlements, within the inmate grievance process; and (3) to reduce the burden on the federal courts by erecting barriers to frivolous prisoner lawsuits.").

## 2. The Administrative Process Available to Erie County Inmates

No analysis of exhaustion may be made absent an understanding of the administrative process available to state inmates. "Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.' The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." Jones v. Bock, 549 U.S. at 218.

---

'completely precludes a futility exception to the PLRA's mandatory exhaustion requirement.'"). See also Woodford v. Ngo, 548 U.S. 81, 85 (2006) ("Indeed, as we held in *Booth*, a prisoner must now exhaust administrative remedies even where the relief sought-monetary damages-cannot be granted by the administrative process.").

ECP's Inmate Handbook, which was provided to Plaintiff at the time of commitment, outlines the grievance procedure inmates are required to follow. (See ECF No. 17-2). First, an inmate desiring to file a formal grievance must submit a written grievance form to the pod counselor within fifteen (15) days after a "potentially grievable event has occurred." (ECF No. 17-2 at pp. 4-5 (internal pp. 41-42)). The grievance is then submitted to the Warden's designee for investigation and response. In the event the grievance is not resolved, the inmate may file an appeal to the Warden within five (5) days of his receipt of the response from the Warden's designee. (Id. at p. 5 (internal p. 42)). The Warden will then issue a final decision affirming, modifying, suspending or reversing the grievance response. (Id.).

### 3. Analysis

In support of their motion to dismiss, Defendants have submitted the Affidavit of Michael Holman, Deputy Warden at ECP, who is responsible for responding to inmate grievances at ECP, among other things. [ECF No. 17-1]. Deputy Holman makes the following pertinent declarations:

> 2. In my capacity as Deputy Warden of the Erie County Prison, I have access to prison records regarding inmates, their medical care and treatment, misconducts and other incidents in which they are involved, grievances they file, responses to grievances, and all other records regarding each inmates incarceration at the Erie County Prison;
>
> 3. I have reviewed the prison records of Atiasha Williams with respect to her commitment at the Erie County Prison on October 15, 2014 through February 9, 2015;
>
> \* \* \*
>
> 13. Atiasha Williams is familiar with the prison's grievance procedure and was given a copy of the Erie County Prison Inmate Handbook

> during her commitment of October 15, 2014….
>
> 14. With respect to her grievance history, Atiasha Williams has never filed a grievance regarding prison life, medical treatment, or any other complaint she experienced while incarcerated in the Erie County Prison between October 15, 2014 and February 9, 2015.
>
> \*      \*      \*
>
> 28. My review of Ms. Williams' prison records also reveals that at no time did she ever file a prison grievance regarding the altercation of November 25, 2014. Additionally, Ms. Williams has never leveled any allegation against Lt. Stevens for any reason.

(ECF No. 17-1, Declaration of Deputy Warden Michael Holman, at ¶¶ 2-3, 13-14, 28).

The above declarations of Deputy Warden Holman have not been opposed or contradicted, in any way, by Plaintiff. As a result, the Court finds that Plaintiff has failed to exhaust her administrative remedies with regard to the claims she seeks to raise in this case, and this case will be dismissed accordingly.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ATIASHA WILLIAMS, | ) | |
|     Plaintiff | ) | C.A. No. 15-46 Erie |
| | ) | |
| v. | ) | |
| | ) | |
| ERIE COUNTY PRISON, et al., | ) | Magistrate Judge Baxter |
|     Defendants. | ) | |

## **ORDER**

AND NOW this 29th day of March, 2016,

IT IS HEREBY ORDERED that Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is GRANTED and this case is DISMISSED.

The Clerk is directed to mark this case closed.

                                            /s/ Susan Paradise Baxter
                                            SUSAN PARADISE BAXTER
                                            United States Magistrate Judge